IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Corey C. Green,
    Petitioner,

v.                               1:10cv1239 (TSE/TRJ)

Harold W. Clarke,
    Respondent.

## MEMORANDUM OPINION

Corey C. Green, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of drug offenses in the Circuit Court of Mecklenburg County. On April 8, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss with a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed no reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

On March 4, 2008, petitioner was convicted following a bench trial of one count of possession with intent to distribute cocaine and three counts of distribution of cocaine, in violation of Va. Code § 18.2-248. On November 24, 2008, Green was sentenced to serve an aggregate of 70 years in prison with 63 years suspended. On direct appeal, Green challenged the sufficiency of the evidence to sustain the convictions, but his argument was rejected and the petition for appeal was denied in a *per curiam* opinion. Green v. Commonwealth, R. No. 3083-08-2 (Va. Ct. App. July 18, 2009). Green did not seek review of that decision by the Supreme Court of Virginia.

On April 7, 2010, Green filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, raising the following claims:

    A.    His conviction was based on a violation of his right to due process because the trial court allowed the Commonwealth to elicit inadmissible hearsay testimony from the police officer.

    B.    He received ineffective assistance of counsel when his attorney failed to object to: a) the officer's inadmissible hearsay testimony and b) the admission of evidence that was obtained through the use of unauthorized interception of wire and electronic surveillance.

    C.    His conviction violated Title III of the Omnibus Crime Control Act of 1968.

The Supreme Court of Virginia denied Green's habeas application, holding that claims A and C were barred from collateral review because they were non-jurisdictional issues that could have been raised at trial and on direct appeal, and that claim B was without merit. Green v. Warden, Lunenburg Corr. Ctr., R. No. 100722 (Va. Aug. 12, 2010).

Green timely filed the instant petition for § 2254 habeas corpus relief on October 20, 2010,[1] reiterating the same claims he raised in his state habeas corpus proceeding. Subsequently, Green sought and was granted leave to amend his petition to add additional claims. Dkt. 3 - 5. In the petition as amended, Green raises the following issues:

    1.    (a) His conviction was based on a violation of his right to due process because the trial court allowed the Commonwealth to elicit inadmissible hearsay testimony from the police officer.

---

[1] Pleadings submitted to a federal court by prisoners are deemed filed when properly delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). See Dkt. 1, ECF 14.

2

    (b) His right to due process was violated because his case was premised on perjury committed by the informant during the preliminary hearing.

2.    (a) He received ineffective assistance of counsel when his attorney failed to object to 1) the inadmissible hearsay testimony of a police officer gained through the confidential informant and 2) the admission of evidence that was obtained through the use of unauthorized interception of wire and electronic surveillance.

    (b) He received ineffective assistance of counsel when his attorney failed to impeach the confidential informant when the informant committed perjury.

    (c) He received ineffective assistance of counsel when his attorney failed to raise the issue of the informant's perjury on direct appeal.

    (d) He received ineffective assistance of counsel when his attorney failed to object to the illegal use of surveillance equipment on Fourth Amendment grounds and failed to raise that issue on direct appeal.

    (e) He received ineffective assistance of counsel when his attorney allowed the case to be certified from the general district court to the circuit court after the informant committed perjury.

3.    His conviction violated Title III of the Omnibus Crime Control Act of 1968.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Additionally, where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural

rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

These principles, applied here, compel the conclusion that most of petitioner's present claims are procedurally barred from federal review. Claims 1(b) and 2(b) - (e) have never been presented to the Virginia courts, so they remain unexhausted. Matthews, 105 F.3d at 910. Moreover, it is clear that these claims would now be barred if petitioner attempted to bring them in the state forum, as they would be both untimely and successive, in contravention of Va. Code §§ 8.01-654(A)(2) and 8.01-654(B)(2), respectively. Since the Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision," Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997), claims 1(b) and 2(b) - (e) of this petition are procedurally defaulted from federal consideration.

In addition, when Green first raised claims 1(a) and (3) in his application for a state writ of habeas corpus, the Supreme Court of Virginia found that both claims were non-jurisdictional issues that could have been but were not raised on direct appeal, and that they thus were not cognizable in a petition for habeas corpus pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, claims 1(a) and (3) also are procedurally barred from federal review.

5

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Petitioner has filed a Responsive Pleading to a Dismissal Order for Procedural Default [Dkt. 7] in which he asserts that the procedural default of his claims was caused by the ineffective assistance rendered by his counsel. However, it is well established that "a claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). The only bases on which petitioner challenged the constitutionality of his representation in his state court proceedings were on the grounds that counsel failed to object to the police officer's hearsay testimony and to the admission of evidence that was obtained through the use of unauthorized interception of wire and electronic surveillance. Since the procedural default of petitioner's federal claims occurred either because the claims were not raised at all in the state forum or because petitioner failed to present them to the trial court, petitioner's independently-exhausted claims of ineffective assistance are factually irrelevant to the issue of procedural bar, and counsel's efforts therefore cannot establish cause for the procedural default of petitioner's claims. Coleman, 501 U.S. at 753-54. Accordingly, the issue of prejudice need

not be reached, Kornahrens, 66 F.3d at 1359, and claims 1(a) - (b), 2(b) - (e) and (3) of this petition are procedurally barred from consideration on the merits.

### III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

### IV. Merits

In Claim 2(a), the sole claim cognizable on the merits in this federal proceeding, petitioner argues that he received ineffective assistance of counsel in two respects. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's

representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

In claim 2(a)(1), petitioner contends that trial counsel rendered ineffective assistance when he failed to object to inadmissible hearsay testimony of a police officer which had been gained

through the confidential informant. When Green made this same argument in his state habeas proceeding, it was rejected by the Supreme Court of Virginia on the following holding:

> In a portion of claim (B), petitioner alleges he was denied the effective assistance of counsel because counsel failed to object when the police officer gave hearsay testimony, consisting of information the officer obtained from the confidential informant and the electronic surveillance.
>
> The Court holds that this portion of claim (B) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcripts and the affidavit of counsel, demonstrates that defense counsel's strategy was to undermine the credibility of the informant by eliciting information provided to the officer by the informant that was inconsistent with the officer's testimony. Counsel allowed the officer to testify without interruption so that the officer would be less guarded and hesitant. Any objection to the officer's testimony would have been non-productive and would have been counter to the defense strategy. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Green v. Warden, supra, slip op. at 2.

As noted in its foregoing opinion, the Supreme Court of Virginia was provided with the affidavit of defense counsel Jonathan E. Green, Esquire in the state habeas proceeding. In connection with the claim under discussion, counsel attested to the following facts:

> Mr. Green alleges that I provided ineffective assistance of counsel in that I allowed a police officer to testify to the fact that the informant identified Mr. Green as the person who sold him drugs on three separate occasions. Mr. Green's argument ignores or glosses over several very important facts. First, the informant, Michael Reynolds, testified in court as the Commonwealth's first witness. During his testimony, he identified Mr. Green as the party who sold drugs to him on three separate occasions. Second, our defense strategy was to undermine the credibility of the informant. As such, we needed to elicit testimony from the officer about what the officer had observed

> and what the informant had told the officer in order to point out discrepancies in the informant's testimony. Mr. Green was aware of and agreed to this overall strategy. Third, each drug buy was subject to audio and video surveillance. While two of these three tapes were dark and all had poor sound quality, the third video clearly showed Mr. Green interacting with the informant. The tape was viewed by the court during the trial, having been previously made available to the defense during discovery.
>
> As noted above, the informant was called as the Commonwealth's first witness during the trial. The informant testified about each drug purchase and identified Mr. Green as the party who sold the drugs to him. The informant also testified that surveillance equipment was used on each occasion and that he made notes about each transaction after it was completed. In response to questions from the prosecutor, Mr. Reynolds described what Mr. Green was wearing each time and gave other information about the circumstances surrounding each transaction. Thus, the identity of Mr. Green was clearly in evidence by the time Mr. Reynolds left the stand.
>
> Investigator Pennington was the Commonwealth's second witness. At the time he took the stand, the informant had already testified and identified the defendant. Thus, any information about the seller's identity that the officer received from the informant had already been introduced in the informant's earlier testimony about each transaction.
> ...

Green Aff., Mo. to Dismiss, Ex. 3, at 1 - 2.

It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. In particular, "[w]here a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." United States v. Weaver, 882 F.2d 1128, 1140 (7th Cir. 1989). In this case, the Supreme Court of Virginia recognized that counsel's reasonable defense strategy of attempting to undermine

the confidential informant's credibility by highlighting discrepancies between his in-court and prior statements was furthered by counsel's decision allow the police officer to testify without interruption. In arriving at its decision, the Court expressly relied on the controlling authority of Strickland, so its decision was not contrary to clearly established federal law. In addition, based on counsel's affidavit, the Court reasonably applied the principles outlined in Strickland to the facts of petitioner's case. Accordingly, no federal habeas remedy is appropriate for the claim that counsel's failure to interpose objections to the police officer's testimony amounted to ineffective assistance. See Williams, 529 U.S. at 412-13.

In claim 2(a)(2), petitioner contends that counsel provided constitutionally deficient representation by failing to object to the admission of evide'nce that was obtained through the use of unauthorized interception of wire and electronic surveillance. In rejecting this claim, the Supreme Court of Virginia found as follows:

> In another portion of claim (B), petitioner alleges he was denied the effective assistance of counsel because counsel failed to object to evidence obtained by 'the use of unauthorize[d] interception of wire and electronic surveillance.'
>
> The Court holds that this portion of claim (B) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript and affidavit of counsel, demonstrates that the informant was a party to the oral communication and gave consent to the interception of the communication. Counsel is not ineffective for failing to object when the objection has no legal basis. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Green v. Warden, supra, slip op. at 2 - 3.

In his affidavit, defense counsel explains as follows:

11

> Mr. Green's second allegation seems to be that I did not object to the video tape evidence being produced in his case. He claims that such surveillance was not properly authorized under federal law and that I should have objected to it on that basis.
>
> Each of the three transactions in this case concerned face to face exchanges between Mr. Green and the informant, Mr. Reynolds. Prior to each transaction, Mr. Reynolds received audio and video surveillance equipment which were concealed on his person. These devices were left from the time Mr, Reynolds left the presence of the investigating officer until the time he returned to the officer and surrendered the equipment to him. The devices recorded events that happened in and around the person of the informant and did not involve the recording of telephone calls, text messages, e-mails, or other forms of electronic communication.
>
> Tapes of all three transactions were made available to me prior to the trial during the discovery process. I viewed these tapes on November 7, 2007, in the company of Investigator Pennington. I was aware that some or all of the tapes would be used at trial and reviewed the contents of the tapes with Mr. Green. Prior to trial, we discussed the strengths and shortcomings of this evidence and planned our trial strategy with the knowledge that the tapes would be used.
>
> Toward the end of Investigator Pennington's testimony, the Commonwealth introduced the video and audio recordings of one of the three drug transactions. This tape, of the February 9, 2007 transaction, clearly showed Mr. Green interacting with the defendant. [sic] ... [T]he recording corroborated the informant's testimony about Mr. Green being present at the time of the buy. More importantly, the tape confirmed that Mr. Green had called the informant back to discuss information Mr. Green had that the informant was working for the police, a fact that Mr. Reynolds had testified to when on the stand.
>
> ...[I]t appears that [Green] is attempting to apply legal requirements governing wiretaps or the interception of electronic communications to this case. As the recorded actions in this case involved a face to face meeting and conversations between two individuals, one of whom was aware of the presence of the recording equipment, I do not believe Mr. Green's argument has merit. ...

Green Aff., Mo. to Dismiss, Ex. 3, at 2 - 3.

As counsel observed in his affidavit, petitioner's understanding of the law regarding the gathering of electronic evidence is mistaken. It has been held repeatedly that a person has no expectation of privacy in, and no basis to suppress, conduct and conversation that occurs in the presence of an informant. See United States v. Caceres, 440 U.S. 741, 750-51 (1979). "[I]f a person consents to the presence at a meeting of another person who is willing to reveal what occurred, the Fourth Amendment permits the government to obtain and use the best available proof of what the latter person would have testified about." United States v. Lee, 359 F.3d 194, 200 (3d Cir.), cert. denied, 543 U.S. 955 (2004). Additionally, under Virginia law, it is not a criminal offense "for a person to intercept a wire, electronic or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." Va. Code § 19.2-62(B)(2).

In the light of this controlling law, it is apparent that the Supreme Court of Virginia reasonably applied the principles of Strickland to the facts of petitioner's case. Had counsel objected to the admission of the video tape evidence, the objection rightfully would have been overruled, so petitioner cannot demonstrate that he was prejudiced when counsel failed to do so. Moreover, even if there had been a lawful basis on which to exclude the electronic evidence, the informant's live testimony at trial provided the court with the same information. Under these circumstances, the Virginia Court's rejection of this claim was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts, so the same result is compelled here. See Williams, 529 U.S. at 412-13.

13

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 12th day of October 2011.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge